UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC WALKER,

Defendant.

Case No. 20-cr-20516

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER [#16]

### I. INTRODUCTION

On September 25, 2020, Defendant Eric Taewand Walker ("Defendant") was charged in a criminal complaint for possession with intent to distribute Schedule I and Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1), and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1, PageID.1.  Defendant was subsequently charged in an indictment with three counts of possession with intent to distribute a controlled substance and one count of being a felon in possession of a firearm.  ECF No. 10.  The Indictment also notified Defendant that he is an Armed Career Criminal pursuant to 18 U.S.C. §

1

924(e) and he is subject to a sentence enhancement for prior drug convictions pursuant to 21 U.S.C. §§ 841 and 851.  *Id.*

On October 1, 2020, a detention hearing was before Magistrate Judge R. Steven Whalen.  ECF No. 5.  Magistrate Judge Whalen concluded that Defendant failed to introduce sufficient evidence to rebut the presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure his appearance and the safety of the community.  ECF No. 6, PageID.24.  Moreover, Magistrate Judge Whalen found that the Government established with clear and convincing evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of other persons and the community.  *Id.*  Defendant was therefore detained pending trial.  *Id.* at PageID.25.

Presently before the Court is Defendant's Motion for Revocation of Detention Order, filed on January 14, 2021.  ECF No. 16.  The Government filed a Response on January 28, 2021.  ECF No. 18.  A hearing on this matter was scheduled for March 2, 2021, and continued twice to March 5, 2021 and March 11, 2021 after the prison failed to connect to the Zoom videoconference.  For the reasons that follow, the Court will **DENY** Defendant's Motion Revocation of Detention Order [#16].

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Offense

On September 4, 2020 Detroit Police Department ("DPD") received an anonymous complaint indicating that Defendant was selling cocaine, heroin, marijuana, and pharmaceutical pills from an address on Kennebec Street in Detroit, Michigan. ECF No. 1, PageID.3–4. The complaint indicated that the alleged activity was causing increased traffic in the area, and that an individual "almost overdosed from [Defendant's] narcotics." *Id.* at PageID.4.

DPD began surveilling the residence on September 22, 2020. *Id.* Once Defendant arrived at the location, a DPD officer observed several instances where individuals would arrive, enter the residence, and leave the residence shortly after. *Id.* at PageID.4–5. The DPD officer also observed Defendant allegedly reaching into a vehicle to make an illegal drug transaction. *Id.* at PageID.5–6. The criminal complaint details several instances of alleged transactions at the Kennebec Street residence between September 22 and 23, 2020. *Id.* at PageID.4–11. Based on these instances, the DPD officer obtained a search warrant for the Kennebec Street residence from the 36th District Court on September 23, 2020. *Id.* at PageID.11. Members of the DPD Special Operations Unit executed the search warrant the following day. *Id.* When the search warrant was executed, Defendant was present at the Kennebec Street residence. *Id.* at PageID.12. The DPD Special Operations Unit also located: a 9mm handgun, loaded with 12 rounds of ammunition; 135 grams of suspected cocaine; 23.5 grams of heroin, laced with fentanyl; 672 grams of

suspected marijuana; 93 pills of suspected oxycodone; and over $8,000 in cash.  *Id.* at PageID.12, 14.

Federal agents subsequently obtained a criminal complaint and arrest warrant for Defendant.  Defendant appeared before Magistrate Judge Whalen for his initial appearance on September 28, 2020 and was ordered detained pending trial following his detention hearing on October 1, 2020.  *See* ECF Nos. 4, 5, 6.  On October 28, 2020, a grand jury found probable cause to indict Defendant on three counts of possession with intent to distribute controlled substances and one count of being a felon in possession of a firearm.  ECF No. 10.  The Indictment also notified Defendant that he is an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).  *Id.*

### B.  Defendant's Background

Defendant is forty-four years old and a lifelong resident of the Eastern District of Michigan.  Defendant has strong family ties to the District, including his mother, two sisters, and two of his brothers.  Prior to his arrest, Defendant resided at a rental home in Eastpointe, Michigan for approximately two years.  Defendant also has a good relationship with his minor child, who is eleven years old.  Defendant reported, and his mother confirmed, that he speaks to his child daily and is not ordered to pay child support.

Defendant explains that he has worked as a maintenance employee for A&R Industrial Cleaning for the past two years.  Defendant's mother confirmed that he

worked for a cleaning company since his release from prison in 2018, but she was unable to recall the name of the specific company.  Pretrial Services was unable to verify this information at the time of its report.[1]  In his Motion, Defendant also asserts that he has a certificate and permit for a commercial driver license and has obtained his GED and college credits for up to two years.  ECF No. 16, PageID.93.

Defendant claims that he "has severe pain in his leg and foot as a result of a gunshot wound that occurred approximately twelve years ago."[2]  *Id.* at PageID.94. He informed Pretrial Services that while he is not currently taking any medication for this condition, he has taken pain management medication in the past.  In addition to this physical condition, Defendant also explains that he has recently experienced minor back issues.   He does not report any history of mental health illness. Defendant's mother confirmed this report for Pretrial Services.  Defendant asserts that he began consuming alcohol at age sixteen.  He also reported daily heroin use. He denies the current use, or ever abusing, any other controlled substance. Defendant indicates he completed a sixteen-week substance abuse program in 2017 while he was incarcerated with the Michigan Department of Corrections.

---

[1] At the hearing on the present Motion, Defendant's counsel denoted that Defendant's employer was present for Defendant's detention hearing before Magistrate Judge Whalen and expressed his willingness to give Defendant his job back should he be released.

[2] As discussed *infra*, Defendant filed his medical records under seal to support his past leg and foot injury and ongoing pain.

Defendant has a history of several arrests and criminal convictions, beginning at the age of sixteen.  Many of his convictions include offenses involving controlled substances and firearms.  He most recently served a two-year prison sentence for a controlled substance charge and a felony firearm (second offense) charge.  He was released from the Michigan Department of Corrections and placed on parole on August 29, 2018.  His parole was closed the follow year.

### C.  Detention Hearing

Prior to his detention hearing, Pretrial Services recommended that Defendant be detained pending trial.  On October 1, 2020, Defendant appeared before Magistrate Judge Whalen.  ECF No. 5.  At the detention hearing, Magistrate Judge Whalen emphasized the circumstances surrounding the serious nature of the instant offenses, including the large quantity of dangerous drugs and a firearm, as well as Defendant's criminal history.  ECF No. 20, PageID.159–60.  He also recognized that this is a presumption case.  *Id.* at PageID.159.  While Magistrate Judge Whalen acknowledged that there are conditions that could assure Defendant's future appearances, he concluded Defendant presented a danger to the community.  *Id.* at PageID.160.

In his Order of Detention, Magistrate Judge Whalen found that the Government had established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  ECF

No. 6, PageID.24. He also denoted the rebuttable presumption in this case. *Id.* Magistrate Judge Whalen thus ordered Defendant to be detained pending trial. *Id.* at PageID.25.

### III. LEGAL STANDARD

Title 18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. It is a *de novo* hearing. *United States v. Jones*, 804 F. Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history

and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).

## IV. ANALYSIS

### A. The Parties' Arguments

In his present Motion, Defendant moves this Court, pursuant to 18 U.S.C. § 3145(b), to grant his Motion for Revocation of Detention.  ECF No. 16.  He argues that he poses neither a danger to the community nor a risk of flight.  *Id.* at PageID.89. He emphasizes that conditions can be imposed to assure the Court of his appearance at future court proceedings and the safety of the community, including a reliable third-party custodian and electronic monitoring.  *Id.* at PageID.96.  Moreover, Defendant emphasizes that he is experiencing "severe pain in his leg and foot as a result of a gunshot wound that occurred approximately twelve years ago."  *Id.* at PageID.94.  He indicates that he has not received treatment for his pain and thus needs to be released pending trial to receive adequate medical care.  *Id.*  In support of his Motion, Defendant filed his medical records under seal.[3]  ECF No. 18.

The Government argues that Defendant is both a danger to the community and a flight risk.  ECF No. 19.  In its Response brief, the Government asserts that the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of Defendant's continued

---

[3] The Court takes notice that the most recent medical evaluation in these records is dated December 21, 2018.  ECF No. 18-1, PageID.102.

detention pending trial.   Moreover, the Government emphasizes that this is a presumption case, and that Defendant has failed to overcome this presumption.  *Id.* at PageID.141.  In response to Defendant's argument regarding his leg and foot pain, the Government denotes that Defendant informed Pretrial Services that he is not currently taking any mediation for his condition, and also failed to report other health issues besides some back pain.  *Id.* at PageID.144.

## B. The Bail Reform Act

Under § 3142 of the Bail Reform Act, there are numerous offenses for which a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," including the crimes described in the Controlled Substances Act, 21 U.S.C. §§ 951-971.  Here, Defendant was charged on a criminal complaint, and later indicted, for three separate charges for a Title 21 offense.  ECF Nos. 1, 10.  There is thus is a presumption that Defendant should be detained.

Magistrate Judge Whalen determined that Defendant failed to introduce sufficient evidence to rebut this presumption  ECF No. 6, PageID.24.  He also concluded that the factors under 18 U.S.C. § 3142(g) support detention.  *Id.*  This Court agrees that Defendant has not presented sufficient evidence to rebut the presumption in this matter.  Indeed, Defendant does not address the presumption in his present Motion.  In weighing all four factors under § 3142(g), this Court also

finds that the evidence establishes by clear and convincing evidence that no condition, or combination of conditions of release, will reasonably assure the safety of other persons and the community.

### 1. Nature and Characteristics of the Charged Offense

The first factor the Court must consider is the nature and circumstances of the offenses charged against Defendant. The Government argues that the nature and circumstances of the offense charged in this case are serious, as they involve a loaded firearm and several serious controlled substances. ECF No. 19, PageID.141–42. Further, the Government emphasizes that Defendant is an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), and he is subject to a sentence enhancement for his prior drug convictions under 21 U.S.C. §§ 841 and 851 *Id.* at PageID.141.

The full extent of the nature and circumstances of the charged offenses is very serious. First, Congress has specified that an offense which involves a firearm, as is the case here, is a categorically serious offense. *See* 18 U.S.C. § 3142(g)(1). Moreover, he Sixth Circuit has recognized that a felon in possession of a firearm charge is a serious offense. *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). Further, the Court emphasizes that the specific circumstances surrounding the instant offense involve Defendant allegedly engaging in several drug transactions, including those involving cocaine, heroin laced with fentanyl, and oxycodone, from the Kennebec Street residence. According to the criminal

complaint, an individual "almost overdosed from [Defendant's] narcotics" as a result of one of the transactions.  ECF No. 1, PageID.4.  Second, the Court takes seriously Defendant's prior arrests for controlled substances-related charges, which involved the same type of narcotics as those in the present matter, as well as felony firearm charges.  The Court finds that this criminal history demonstrates Defendant's dangerousness.

Accordingly, this first factor weighs in favor of Defendant's detention.

## 2.  The Weight of the Evidence

The second factor the Court must consider is the weight of the evidence against Defendant.  "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010); *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).  The Government argues that the weight of the evidence of Defendant's dangerousness is strong.  ECF No. 19, PageID.142.  For this second factor, the Government emphasizes Defendant's lengthy criminal history, including convictions for multiple drug offenses, murder, and assault with a dangerous weapon.  *Id.*

The Court agrees and finds that the weight of the evidence of Defendant's dangerousness is strong in light of the alleged offenses.  As explained above, Defendant was arrested at the Kennebec Street residence after the DPD observed

several alleged drug transactions.  While executing the search warrant, DPD officers found a handgun with twelve rounds of ammunition, significant quantities of dangerous controlled substances, and several thousands of dollars in cash.  The Court also cannot ignore Defendant's status as an Armed Career Criminal.

In his Motion, Defendant argues that he has an excellent third-party custodian, Charay Harper, who is a licensed real estate agent and lifetime resident of Detroit with no prior felony record.  ECF No. 16, PageID.93–94.  He suggests that he could be subjected to electronic monitoring while residing with Charay Harper to restrict and accurately monitor his movement.  *Id.* at PageID.96.  The Court finds that these conditions do not completely ease the Court's concern of Defendant's dangerousness.  Indeed, the Court questions how effective electronic monitoring can be in ensuring Defendant complies with directives from Pretrial Services when he has previously committed multiple drug offenses, often with the use of a firearm, while living in Detroit his entire life with such strong community ties.

In sum, the second factor also weighs in favor of Defendant's detention.

### 3.  History and Characteristics of the Defendant

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Here, Defendant is a lifelong resident of the community with familial ties to Detroit. ECF No. 16, PageID.93. Specifically, his mother, siblings, cousin, and minor child live in the area. The Court positively takes notice of his familial ties, as well as his commitment to remaining in daily contact with his minor child. These strong familial ties cut in Defendant's favor.[4] The Court also positively notes that Defendant was not on parole at the time of the current arrest. The Court takes issue, however, with Defendant's uncertain employment history. Indeed, while Defendant claims that he has worked as a maintenance employee for the past two years, Pretrial Services was unable to verify this information.

Defendant does not report any history of mental health illness. He does assert that he experiences ongoing pain in his leg and foot from a prior gunshot wound. The Government emphasizes, however, that Defendant reported he is not currently

---

[4] The Court is in receipt of Defendant's February 23, 2021 letter to this Court, which also emphasizes Defendant's commitment to spending time with his son. ECF No. 24, PageID.170.

taking any medication for this condition, and other than some back issues, he does not suffer from any other physical ailments. Upon review of Defendant's submitted medical records, the Court denotes that the most recent report of treatment for his leg and foot pain is from December 21, 2018.  ECF No. 18-1, PageID.102.  During this last evaluation, Defendant described his pain as a "10/10 on the pain scale."  *Id.* The clinic suggested Defendant receive "[c]onservative treatment" for his pain, such as shoe gear, self-care, exercises, physical therapy, and pain medications.  *Id.* at PageID.103.  Defendant has not submitted any recent medical records; the Court is therefore unable to determine if he is receiving any of the aforementioned treatment.

The Government directs the Court to Defendant's lengthy criminal history, which includes several drug offenses, assault with a dangerous weapon, assault with intent to commit murder, and felon firearm offenses.  ECF No. 19, PageID.143.  As relevant to the instant charges, the Government highlights that Defendant was arrested and charged with multiple drug offense beginning in 2006.  *Id.*  Defendant was sentenced to 22-240 months for the drug offenses in 2010, which was to be served consecutive to 60 months for the felony firearm second offense.  *Id.* at PageID.144.  Defendant concedes that he has a criminal history which includes violent offenses, including a murder conviction; however, he emphasizes that this conviction occurred when he was sixteen years old and that his other assault

conviction occurred almost twenty years ago.  ECF No. 16, PageID.94.  He also highlights that he has never missed a court day for any of his prior matters.  *Id.*

While the Court finds that Defendant's history of appearing for past court proceedings may mitigate a concern for his risk of flight, the Court ulitmatley concludes that Defendant's criminal history, a history which includes prior drug and firearm offenses, as charged in the present matter, does not ease the Court's concern for Defendant's dangerousness.

Based on the foregoing considerations, the Court agrees that this third factor also weighs in favor of detention.

### 4. The Nature and Seriousness of the Danger Posed by Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release."  18 U.S.C. § 3142(g)(4).  The Court must "look to more than whether or not the defendant himself has been guilty of physical violence," but also to the safety of the community as a whole.  *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).  Here, for all the reasons set forth above and provided at the hearing, the Court finds that Defendant would pose a danger to the community if released pending trial.  Furthermore, the Court weighs strongly the recommendation from Pretrial Services, which concluded that there was no condition or combination

of conditions that could reasonably assure Defendant's appearance and the safety of the community.  This final factor thus also weighs in favor of detention.

The Court also agrees with the Government's concern for Defendant's proposed conditions.  *See* ECF No. 19, PageID.144.  As discussed *supra*, the Court questions the adequacy of Defendant's proposed release plan in light of his history of committing violent crimes and drug offenses, often with the use of a firearm, while maintaining his asserted strong community ties to the Detroit metropolitan area.

In sum, all four factors under § 3142(g) weigh in favor of detention. Accordingly, the Court concludes that no conditions or combination of conditions will reasonably assure the safety of the community if Defendant was released pending trial.

## V. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS ORDERED** that Defendant's Motion for Revocation of Detention Order [#16] is **DENIED**.

**IT IS SO ORDERED.**

Dated:          March 12, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 12, 2021, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager